COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-027-CR
 
AUDREY JEAN PORTER A/K/A                                                APPELLANT 
AUDREY JEAN WINCHESTER  
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Upon her open pleas of guilty and true, respectively, the trial court found 
Appellant Audrey Jean Porter guilty of theft under $1500.00, enhanced by two 
prior theft convictions, and sentenced her to one year’s confinement in the 
State Jail Division of the Texas Department of Criminal Justice. 
        Appellant brings a single point on appeal, contending that her pleas of 
guilty and true were involuntary because she believed that she would receive 
community supervision. Because we hold that Appellant’s pleas were 
voluntary, we affirm the trial court’s judgment. 
        Appellant signed an open plea form containing no sentencing 
recommendation. She also conceded, on the record, that she understood there 
was no guarantee the trial judge would give her community supervision. 
Appellant, nevertheless, argues that because a cryptic notation appears at the 
bottom of the open plea form, we must conclude that she had been promised 
community supervision in exchange for her pleas. The notation she hangs her 
hat on is “Prob. Prob. or Deferred.” 
        A guilty plea may be rendered involuntary either because it was coerced 
before or at the time the plea was entered or because the plea was based on 
a reasonable belief or promise that was not fulfilled. 
 

 We, therefore, must look 
at the state of mind of the defendant at the time the plea was entered, and we
must determine whether the result of the plea is consistent with agreements or
promises reasonably relied on by the defendant.
        As the State properly points out, a prima facie case is made that a plea 
was voluntarily and knowingly entered when the record shows that the 
defendant was properly admonished before the trial court accepted the guilty 
plea.
 

 A defendant who represents at trial that her plea was entered knowingly 
and voluntarily bears the burden of showing subsequently that the plea was not
voluntary.
 


        In the case now before this court, Appellant has wholly failed to sustain 
that burden. The record contains her assurance that she understood that there 
was no plea bargain agreement and that no promises had been made to her. 
The record clearly reflects that she was hoping for community supervision but 
that she understood whether she received it lay solely within the trial court’s 
discretion. Her whole argument rests on her conclusion that the cryptic 
notation constitutes an assurance by the trial court that she would indeed 
receive community supervision if she would plead guilty to the theft allegations 
and true to the enhancement paragraphs in the indictment. We are not 
prepared to make this unsubstantiated leap. 
 
 
        We therefore overrule Appellant’s sole point on appeal and affirm the trial 
court’s judgment. 
 
                                                                  LEE ANN DAUPHINOT 
                                                                  JUSTICE
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
DO NOT PUBLISH 
Tex. R. App. P. 47.2(b) 
DELIVERED: NOVEMBER 20, 2003